<partyblock>

Danielle McGibbon, Respondent,  

against

Gildin, Zelenitz & Shapiro, P.C., Appellant.

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Jodi Orlow, J.), entered December 3, 2013. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $2,500.

ORDERED that the judgment is affirmed, without costs.

Plaintiff commenced this small claims action to recover a $5,000 retainer fee that she had paid to defendant law firm which had represented plaintiff in a criminal matter until the time defendant was discharged by plaintiff. At a nonjury trial, plaintiff's attorney acknowledged that defendant had performed some of the legal services called for by a retainer agreement entered into between the parties and that plaintiff was, therefore, seeking to recover only $2,500 of the $5,000 fee she had paid to defendant. Defendant contended that it was entitled to the entire $5,000 fee paid by plaintiff because the retainer agreement was for a "Pre-Trial/Pre-Hearing" flat fee covering "initial case preparation, initial usual expenses and up to seven court appearances." After a nonjury trial, the Civil Court awarded plaintiff the principal sum of $2,500.

In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).

Defendant's contention
lacks merit. To the extent that defendant suggests that the retainer fee is nonrefundable, we note that nonrefundable retainer fee agreements are prohibited (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.5 [d] [4]) and unenforceable (see Matter of Cooperman, 83 NY2d 465, 475 [1994]). However, where there is such an agreement, "quantum meruit payment for services actually rendered will still be available and appropriate" (id. at 475). To the extent that defendant suggests that the retainer agreement contains a reasonable minimum fee clause, which is permissible (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.5 [d] [4]), we note that the amount of compensation to which defendant is entitled would still have to be determined on a quantum meruit basis (see Matter of Cooperman, 187 AD2d 56, 57 [1993], affd 83 NY2d 465). As defendant did not demonstrate, with specificity, what legal services it had actually performed for plaintiff or their value, defendant did not establish that it was entitled to keep the entire $5,000 retainer fee.

Consequently, there is no basis for this court to disturb the judgment in favor of plaintiff, as "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804).

Accordingly, the judgment is affirmed.

Weston, J.P., Pesce and Aliotta, JJ., concur.

Decision Date: May 05, 2016

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>