Kenneth L. Stein, Appellant, 
against
Town of New Castle, Respondent.



Appeal from an order of the Justice Court of the Town of New Castle, Westchester County (Noah D. Sorkin, J.), dated February 11, 2015, deemed from a judgment of the same court entered February 12, 2015 (see CPLR 5512 [a]). The judgment, entered pursuant to the February 11, 2015 order determining the legal issues presented in this case following the parties' submission of stipulated facts, dismissed plaintiff's cause of action and awarded defendant the principal sum of $1,667 on its counterclaim.




ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the $2,500 that he had placed into an escrow account, at defendant's request, which monies were to be used to "reimburse the Town for the cost of professional consultant review services incurred in connection with the review of [his] application" to the Zoning Board of Appeals (ZBA) to annul a certificate of occupancy which he claims was improperly approved by a building inspector. Defendant counterclaimed to recover monies that plaintiff owed in excess of the amount deposited into escrow. After the action had commenced, the parties, noting that the facts were not in dispute, submitted memoranda setting forth the stipulated facts for the Justice Court to decide the issues of law. By decision and order dated February 11, 2015, the Justice Court (Noah D. Sorkin, J.) dismissed plaintiff's cause of action and awarded defendant the principal sum of $1,667 on its counterclaim. Plaintiff's appeal from the order is deemed to be from the judgment subsequently entered on February 12, 2015 (see CPLR 5512 [a]).
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]).
New Castle Town Code § 60-560, "Fee schedule," states, in pertinent part, as follows:

 "A. There shall be a fee charged in connection with the administration and enforcement of this chapter for each of the following applications in such amounts as set forth by resolution of the Town Board in the Master Fee Schedule, which may be amended, except that no fees shall be required from the Town, school, fire or other district:



 (1) Application for site development plan approval for all site plans, including the MFDRD, plus either a specified fee per dwelling unit or per parking space, [*2]whichever is greater.



 (2) Application for a special use permit, excluding the MFDRD, plus either a specified fee per dwelling unit or per parking space, whichever is greater.



 (3) For other applications to the Zoning Board of Appeals, plus the cost of advertising a public hearing and the cost of stenographic services to record the hearing if such record is requested by the applicant or required by the Zoning Board of Appeals.



 (4) Application for a Zoning Map amendment.



 (5) Application for a zoning text amendment.



 (6) Application for a sign permit."

In the case at bar, contrary to plaintiff's contention, the record supports the determination of the Justice Court that New Castle Town Code § 60-560 (A) (3) is not ambiguous and that, besides the types of applications to the ZBA listed in New Castle Town Code § 60-560 (A) (1), (2), (4), (5) and (6), the application plaintiff filed with the ZBA to annul a certificate of occupancy falls within the "other applications" referred to in New Castle Town Code § 60-560 (A) (3).
New Castle Town Code § 60-560 (A) (7) (a) states that the ZBA, in the review of any application set forth in New Castle Town Code § 60-560 (A) (1) - (6), may refer such application "to such planner, engineer, environmental expert, attorney or other consultant engaged by the Town or to such Town professional staff as such Board shall deem reasonably necessary to enable it to review such application." New Castle Town Code § 60-560 (A) (7) (b) and (d) state that an applicant shall reimburse the Town for the costs of professional staff services upon the Town's submission of an invoice and that the costs shall be limited to those that are reasonable in amount and necessary for the Town's review of the application. New Castle Town Code § 60-560 (B) provides that the reviewing board may require an applicant to deposit monies into an escrow account from which withdrawals shall be made to reimburse the Town for the costs of consultant fees and professional staff services.
In view of the foregoing, contrary to plaintiff's contention, plaintiff was properly instructed to deposit monies into an escrow account from which the Town could be reimbursed for the costs it incurred in the review of plaintiff's application. We note that the "costs" referred to in New Castle Town Code § 60-560 (A) (7), which are paid only if they are "reasonable" and "necessary" in the review of an application, differ from the "fees" referred to in New Castle Town Code § 60-560 (A), which are set forth in the Master Fee Schedule.
Plaintiff's remaining contention is unpreserved for appellate review.
As the court's determination provided the parties with substantial justice (see UJCA 1804, 1807), the judgment is affirmed.
Brands, J.P., Marano and Tolbert, JJ., concur.
Decision Date: October 21, 2016