Vincent Nicastro, Appellant, 
against
Charles Zerilli, Respondent.



Appeal from a judgment of the Civil Court of the City of New York, Richmond County (Theresa M. Ciccotto, J.), entered July 17, 2014. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover damages in the sum of $4,900 claimed to have resulted from the imposition upon plaintiff of fines for certain violations of the Administrative Code of the City of New York due to defendant's dumping of automobiles, trailers and other debris upon plaintiff's property. At a nonjury trial, plaintiff testified that before plaintiff purchased the property located at 2 Gordon Street, Staten Island, New York, defendant had dumped a boat, two automobiles, two trailers, pipe (plumbing and scaffolding), old boilers, bricks, blocks and wooden pallets on the property. After plaintiff purchased the property, the City of New York charged him with code violations which, he claims, stemmed from the aforementioned debris left by defendant upon the property, resulting in the imposition of fines against him totaling $4,900, which sum he has paid. Following the trial, the Civil Court dismissed the action, finding that plaintiff had failed to present prima facie evidence of the violations, and that the proof plaintiff had presented at trial related to various code violations that were unrelated to his claim against defendant. 
On appeal, this court's review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Upon a review of the record, we find that plaintiff did not meet his burden of showing that the alleged violations, for which he claims to have paid $4,900 in fines, related to the debris left by defendant on plaintiff's property. Thus, the judgment provided the parties with substantial justice according to the rules and principles of substantive law (see CCA 1804, 1807).
Accordingly, the judgment is affirmed. 
Aliotta, J.P., Pesce and Solomon, JJ., concur.
Decision Date: January 06, 2017