Lydia Ryan, Appellant,
against
Hudson Valley Home Renewal, Doing Business as NHANCE WOOD RENEWAL, Respondent.



Appeal from a judgment of the City Court of Poughkeepsie, Dutchess County (Katherine A. Moloney, J.), entered December 3, 2014. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the sum of $5,000 for allegedly defective cabinet and floor refinishing by defendant. After a nonjury trial, the City Court dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UCCA 1807; see UCCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126). 
A review of the record indicates that plaintiff failed to meet her burden of proof in establishing her alleged damages. Pursuant to UCCA 1804, the submission of an itemized bill or invoice, receipted or marked paid, or two itemized estimates, is prima facie evidence of the reasonable value and necessity of repairs. However, plaintiff failed to submit such documents or to present expert testimony establishing the reasonable value and necessity of the repairs (see Henderson v Holley, 112 AD2d 190 [1985]; Rodriguez v Mitch's Transmission, 32 Misc 3d 126[A], 2011 NY Slip Op 51225[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; Correa v Midtown Moving, 4 Misc 3d 135[A], 2004 NY Slip Op 50798[U] [App Term, 1st Dept]; see also Bertin v Bertin, 14 Misc 3d 144[A], 2007 NY Slip Op 50392[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]). Consequently, we find that the judgment provided the parties with substantial justice according to the rules and principles of substantive law (see UCCA 1804, 1807; Ross v Friedman, 269 AD2d 584; Williams v Roper, 269 AD2d 125). 
Accordingly, the judgment is affirmed.
Tolbert, J.P., Iannacci and Brands, JJ., concur.
Decision Date: January 20, 2017