Janine M. Natale, Individually and as Assignee of Matthew M. Natale, Appellant,
against
Ovation Event Planning, Inc., Respondent. NO. DECIDED Janine M. Natale, appellant pro se. Ovation Event Planning, Inc., respondent pro se (no brief filed).



Appeal from a judgment of the District Court of Nassau County, Third District (Scott H. Siller, J.), entered April 30, 2015. The judgment, after a nonjury trial, dismissed the action. The appeal from the judgment brings up for review an order of the same court dated April 29, 2015 which granted defendant's motion to vacate a default judgment of the same court entered April 6, 2015 upon defendant's failure to appear or answer.




ORDERED that the judgment entered April 30, 2015 is reversed, without costs, the order dated April 29, 2015 granting defendant's motion to vacate the April 6, 2015 default judgment is vacated, defendant's motion is denied, and the default judgment entered April 6, 2015 is reinstated.
Plaintiff commenced this small claims action to recover the principal sum of $500, which sum she had deposited with defendant for the rental of a photo booth. Defendant failed to appear or answer and, on April 6, 2015, following an inquest, a default judgment was entered in plaintiff's favor. Thereafter, defendant moved to vacate the default judgment, which motion plaintiff opposed. By order dated April 29, 2015, the District Court granted defendant's motion. Following a nonjury trial, judgment was entered on April 30, 2015, in favor of defendant dismissing the action. This appeal by plaintiff ensued. 
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive [*2]law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). 
A defendant moving pursuant to CPLR 5015 (a) (1) to vacate a judgment entered upon its failure to appear or answer must show a reasonable excuse for the default and a meritorious defense (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138 [1986]). The affidavit submitted on behalf of defendant in support of its motion stated, with respect to its meritorious defense, only that defendant had a "signed contract from plaintiff and defendant should win on claim." Such a statement, without more, is insufficient to establish a meritorious defense to the action. Under the circumstances, we find that substantial justice has not been done (see UDCA 1804, 1807), as the District Court improvidently exercised its discretion in granting defendant's motion to vacate the April 6, 2015 default judgment.
Accordingly, the judgment entered April 30, 2015 is reversed, the order granting defendant's motion to vacate the April 6, 2015 default judgment is vacated, defendant's motion is denied, and the default judgment entered April 6, 2015 is reinstated.
Iannacci, J.P., Tolbert and Brands, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 07, 2017