Martin Weinstein, Appellant,
against
Michael Cole and 3C General Contracting, Inc., Respondents.




Martin Weinstein, appellant pro se.
Michael Cole and 3C General Contracting, Inc., respondents pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, Second District (Phyllis P. Corella, J.), entered June 14, 2016. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the sum of $3,000 based on defendants' allegedly defective repair of his roof. After a nonjury trial, the District Court dismissed the action. 
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
A review of the record indicates that plaintiff failed to meet his burden of proof in establishing his alleged damages. Pursuant to UDCA 1804, an itemized bill or invoice, receipted or marked paid, or two itemized estimates to correct defendants' allegedly defective performance [*2]would be prima facie evidence of the reasonable value and necessity of such corrective repairs. However, plaintiff failed to submit these documents or to present expert testimony establishing the reasonable value and necessity of any corrective repairs (see Henderson v Holley, 112 AD2d 190 [1985]; Rodriguez v Mitch's Transmission, 32 Misc 3d 126[A], 2011 NY Slip Op 51225[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; Correa v Midtown Moving, 4 Misc 3d 135[A], 2004 NY Slip Op 50798[U] [App Term, 1st Dept 2004]; see also Bertin v Bertin, 14 Misc 3d 144[A], 2007 NY Slip Op 50392[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]). Consequently, we find that the judgment provided the parties with substantial justice according to the rules and principles of substantive law (see UDCA 1804, 1807; Ross v Friedman, 269 AD2d 584; Williams v Roper, 269 AD2d 125).
In view of the foregoing, we need not determine whether defendants' performance was defective.
Accordingly, the judgment is affirmed.
MARANO, P.J., TOLBERT and BRANDS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 16, 2017