Winzone Realty, Inc., Respondent,
against
De Jin Xue, Appellant.




 De Jin Xue, appellant pro se.
 Winzone Realty, Inc., respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County (David M. Hawkins, J.), entered March 9, 2016. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $3,802.50.




ORDERED that the judgment is affirmed, without costs.
Plaintiff, a brokerage agency, brought this commercial claims action to recover the amount allegedly owed for services rendered to defendant in connection with defendant's purchase of a condominium apartment at an auction. After a nonjury trial, at which both plaintiff's witness and defendant testified and submitted various documents into evidence, a judgment was entered awarding plaintiff the principal sum of $3,802.50.
In a commercial claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807-A [a]; see CCA 1804-A; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess [*2]their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Commercial Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
As the evidence and testimony support the Civil Court's determination that plaintiff was owed $3,802.50, or one percent of the purchase price of the condominium apartment, in accordance with the agreement entered into between the parties, we find that the judgment provided the parties with substantial justice according to the rules and principles of substantive law (see CCA 1804-A, 1807-A; Ross v Friedman, 269 AD2d 584, Williams v Roper, 269 AD2d at 126).
Accordingly, the judgment is affirmed.
SOLOMON, J.P., PESCE and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 01, 2017