Michelle Arnette Roberts, Respondent,
against
Westbury Jeep, Appellant.




Cye E. Ross, for appellant.
Michelle Arnette Roberts, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, Fourth District (Darlene D. Harris, J.), entered July 11, 2016. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $1,602.




ORDERED that the judgment is reversed, without costs, and the action is dismissed.
Plaintiff commenced this small claims action to recover the sum of $5,000 for damage allegedly caused by defendant to plaintiff's vehicle. At a nonjury trial, defendant's service manager conceded that one of defendant's employees had damaged the rear bumper of plaintiff's vehicle by accidentally backing the jeep into a concrete pole, which had resulted in abrasions to the left rear bumper of plaintiff's vehicle. He claimed, however, that defendant had paid a body shop for a new replacement bumper and that, soon thereafter, on January 9, 2015, plaintiff had taken her vehicle for an inspection to Sears Auto Center, which had found that there was no body damage to the vehicle. Plaintiff claimed that there was additional damage to her car but submitted into evidence only one itemized estimate, dated July 9, 2016, for a total estimated cost of $1,602 for repairs. Following the trial, the District Court awarded plaintiff the principal sum of $1,602.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]).
Upon a review of the record, we find that plaintiff failed to meet her burden of proof in establishing her alleged damages. Pursuant to UDCA 1804, the submission of an itemized bill or invoice, receipted or marked paid, or two itemized estimates of repairs, is prima facie evidence of the reasonable value and necessity of such repairs. Here, plaintiff submitted only one itemized estimate (see Monteforte v Jamisha Auto. Corp., 23 Misc 3d 144[A], 2009 NY Slip Op 51096[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2009]; see also Burns v Goodrich, 53 Misc 3d 150[A], 2016 NY Slip Op 51678[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). We note in passing that estimates that are too remote in time may, in any event, not be of any probative value. In view of the foregoing, we find that the judgment failed to provide the parties with substantial justice according to the rules and principles of substantive law (see UDCA 1804, 1807; Ross v Friedman, 269 AD2d 584; Williams v Roper, 269 AD2d at 126).
Accordingly, the judgment is reversed and the action is dismissed.
BRANDS, J.P., MARANO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk