Tareq Rabadi, Appellant,
against
Central Avenue Chrysler Jeep Dodge Ram and Jonathan Grant, Individually, Respondents.




Tareq Rabadi, appellant pro se.
Central Avenue Chrysler Jeep Dodge Ram and Jonathan Grant, Individually, respondents pro se (no brief filed).

Appeal from a judgment of the City Court of Yonkers, Westchester County (Thomas Quinones, J.), entered March 29, 2018. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $1,282.11
representing the cost to replace a bumper on his motor vehicle. 
At a nonjury trial, plaintiff testified that the bumper on his 2016 Dodge Charger had been damaged while his vehicle was being serviced at defendant Central Avenue Chrysler Jeep Dodge Ram (CAC) and that, although CAC attempted to repair the bumper, the repair job was "horrible." Plaintiff submitted photographs and two estimates of the cost to replace the bumper. Defendant Jonathan Grant testified that the repair of the bumper had been perfect and submitted a photograph as well. During a brief recess, the court made an on-site visit to view the vehicle. Thereafter, the court dismissed the action, stating, among other things, that even plaintiff could not point to the areas of imperfection upon the examination of the vehicle during the on-site visit.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UCCA 1807; see UCCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, [*2]269 AD2d 125 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the evidence and the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
At the trial, the City Court viewed photographs of the car taken before and after the repairs had been done, and the court also had an on-site viewing of the bumper. Under the circumstances, we find no basis to disturb the court's determination in favor of defendant. Consequently, we conclude that the judgment provided the parties with substantial justice according to the rules and principles of substantive law (UCCA 1804, 1807). 
Accordingly, the judgment is affirmed.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 06, 2019