Lesley L. Drazek, Appellant,
against
Nicholas J. Mundy, Esq., Respondent.




Lesley L. Drazek, appellant pro se.
Nicholas J. Mundy, respondent pro se.

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Jodi Orlow, J.), entered June 9, 2016. The judgment, after a nonjury trial, dismissed the action. The appeal from the judgment brings up for review an order of that court dated October 6, 2015 granting defendant's motion to vacate a judgment of that court (Mojgan Cohanim Lancman, J.) entered August 20, 2015 upon defendant's failure to appear on an adjourned trial date.




ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $3,500, which he had paid to defendant attorney as a retainer fee. Following defendant's failure to appear on an adjourned trial date, an inquest was held, and a default judgment was entered in favor of plaintiff on August 20, 2015 in the principal sum of $3,500. Defendant moved to vacate the default judgment. He stated that his office was located in a multistory building and that mailings to him from the Small Claims Part of the court had not included his office suite number. He further stated that, although he had received other papers that had been mailed to him from the Small Claims Part of the Civil Court, he had not received a notice to appear on the date when he had defaulted. With respect to a meritorious defense, defendant asserted that plaintiff had hired his professional limited liability company, "Nicholas J. Mundy, Esq., PLLC," rather than defendant personally, whom plaintiff had sued, and furthermore that he had performed all the work for which plaintiff had paid and had thus earned the $3,500 fee. Plaintiff opposed the motion, [*2]arguing, in effect, that defendant's failure to appear on the trial date should have precluded him from vacating the default judgment, and claiming that defendant had not performed the work he had been hired to do. In an order dated October 6, 2015, the Civil Court (Jodi Orlow, J.) granted defendant's motion, after which the matter proceeded to a nonjury trial.
At the trial, plaintiff testified that he had paid defendant a $3,500 retainer fee to represent him at an arbitration with a third party, and asserted that, since defendant had not represented him at the arbitration, he was entitled to a refund of the retainer fee. Defendant testified that, in the parties' retainer agreement, he had agreed to negotiate on plaintiff's behalf in an effort to achieve a settlement of plaintiff's dispute with the third party, but that he had expressly stated that he would not undertake an arbitration or litigation on plaintiff's behalf. He said that he had subsequently agreed to file a demand for arbitration on plaintiff's behalf if plaintiff delivered the requisite filing fee to him, but that, since plaintiff had failed to deliver the filing fee to him, he had not filed the demand for arbitration. Defendant testified that he had performed the work he had undertaken to do on plaintiff's behalf. Documents, including the retainer agreement between the parties, were admitted into evidence. Following the trial, the Civil Court dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126). 
To the extent that plaintiff contends on appeal that the Civil Court erred in granting defendant's motion to vacate the August 20, 2015 default judgment, we conclude that the Civil Court did not improvidently exercise its discretion in granting defendant's motion, as defendant had proffered a reasonable excuse for the default and a meritorious defense to the action (see CPLR 5015 [a] [1]]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). To the extent that plaintiff challenges the judgment based on the evidence adduced at trial, we find no basis to disturb the Civil Court's determination, as it provided the parties with substantial justice according to the rules and principles of substantive law (see CCA 1804, 1807). Accordingly, the judgment is affirmed.
PESCE, P.J., WESTON and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 4, 2019