Himanshu Gupta, Respondent,
against
Nancy Janiesch, Appellant. 




Nancy Janiesch, appellant pro se.
Law Office of Karen L. Lawrence (Marcia M. Brin of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Third District (Janine A. Barbera-Dalli, J.), entered December 7, 2018. The judgment, insofar as appealed from, after a nonjury trial, dismissed the counterclaim.




ORDERED that the judgment, insofar as appealed from, is affirmed, without costs.
Plaintiff commenced this small claims action to recover the principal sum of $625 for property damage sustained to his vehicle when it had collided with a vehicle driven by defendant. Defendant interposed a counterclaim to recover the principal sum of $2,348.83 for property damage sustained to her vehicle as a result of the accident. After a nonjury trial, the District Court dismissed plaintiff's cause of action and the counterclaim. Defendant appeals from so much of the judgment as dismissed the counterclaim.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). Furthermore, the determination of a trier of fact as to issues of [*2]credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
The District Court, which had the opportunity to evaluate the evidence, found that the testimony of plaintiff as to the happening of the accident was more credible than that of defendant, and its dismissal of the counterclaim should not be disturbed. To the extent that it can be argued that the court's dismissal of the counterclaim cannot be reconciled with its simultaneous dismissal of plaintiff's cause of action, we note that the dismissal of plaintiff's cause of action is not before us, as there is no cross appeal from that portion of the judgment. Defendant's contention that her attorney failed to present evidence to support her case is without merit. In any event, we note that the photographs that defendant submitted with her brief would have been insufficient to alter the court's determination of defendant's counterclaim.
Consequently, we find that so much of the judgment as dismissed the counterclaim provided the parties with substantial justice according to the rules and principles of substantive law (see UDCA 1804, 1807; Ross v Friedman, 269 AD2d 584; Williams v Roper, 269 AD2d 125).
Accordingly, the judgment, insofar as appealed from, is affirmed.
GARGUILO, J.P., ADAMS and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 7, 2020