■ HENRY T. ROSS, Appellant, v WILLIAM D. FRIEDMAN, Defendant, and LOUISE AIS, Respondent. [707 NYS2d 114] —In an action, in effect, to compel the release of money from an escrow account, the plaintiff appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts, dated October 16, 1997, which reversed a judgment of the District Court of the County of Nassau, Second District (Gewanter, J.), entered April 23, 1996, dismissing the complaint and awarding the defendant Louise Ais the principal sum of $750, plus interest, on her counterclaim, and directed a new trial.

Ordered that the order of the Appellate Term is reversed, on the law, without costs or disbursements, and the judgment of the District Court of the County of Nassau, Second District, is modified by deleting (1) the provision thereof awarding interest on the counterclaim, and (2) the provision thereof dismissing the complaint and substituting therefor a provision directing the defendant William Friedman to release from the escrow account the sum of $750 to the defendant Louise Ais and the remaining sum of $750 to the plaintiff; as so modified, the judgment of the District Court of the County of Nassau, Second District, is affirmed.

An appeal from a small claims judgment is permitted "on the sole grounds that substantial justice has not been done between the parties according to the rules and principles of substantive law" (UCCA 1807). Here, the District Court did not deviate from the appropriate rules and principles of substantive law, and the result reached effected substantial justice between the parties. Accordingly, the judgment should be reinstated insofar as it awarded the defendant Louise Ais

the principal sum of $750 on her counterclaim. However, inasmuch as the "Possession Rider" did not provide that the escrow money be held in an interest-bearing account, the defendant Ais is not entitled to interest on the award. Moreover, the court should have directed that the payment on the counterclaim be made from the money held in escrow, and that the remaining money in the escrow account be turned over to the plaintiff. O'Brien, J. P., Santucci, Friedmann and Florio, JJ., concur.