*37 OPINION OF THE COURT
Memorandum.
Ordered that the judgment is reversed, without costs, and the action is dismissed.
Plaintiff brought this small claims action to recover the sum of $642 from defendant, an automobile insurance broker, for damages arising from defendant’s alleged failure to notify the Department of Motor Vehicles (DMV) that plaintiff possessed vehicle liability insurance. At the nonjury trial, plaintiff testified that defendant had informed her that her automobile insurance policy had lapsed. That same day, plaintiff had paid defendant $220 to obtain another insurance policy with the same insurance company. Plaintiff alleged that she suffered damages two months later, when the police arrested her, and towed and impounded her car, because she was driving without car insurance. Plaintiff produced two checks in the amount of $220 and $158, as proof of payment on her insurance policy. Plaintiff attested that she had paid her premiums through her broker, which was supposed to submit them to the insurance company on her behalf. In response, defendant’s owner averred that she had properly submitted these payments to the insurance company on plaintiffs behalf. She also submitted evidence that insurance companies, not brokers, are responsible for reporting the status of an insured’s liability coverage to the DMV Following the trial, the City Court awarded plaintiff the principal sum of $449.40.
Upon a review of the record, we find that substantial justice was not done between the parties according to the rules and principles of substantive law (UCCA 1804, 1807; see Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). Vehicle and Traffic Law § 312 (a) requires that, “[n]o motor vehicle shall be registered in this state unless the application for such registration is accompanied by proof of financial security which shall be evidenced by proof of insurance.” Insurance companies must notify the DMV commissioner “of certain transactions related to motor vehicle liability insurance coverage with respect to motor vehicles registered in New York State for which an insurance ID card or insurance certificate has been issued by, or on behalf of, an insurance company” (15 NYCRR 34.1 [a]), including the reinstatement or restoration of an insured’s liability insurance coverage (15 NYCRR 34.3 [a] [3]).
*38 In light of the aforementioned regulations, plaintiff failed to demonstrate that defendant had any obligation, let alone the capability, to inform the DMV that her insurer had restored her liability coverage under a new policy. This task is specifically assigned to plaintiffs insurance company as a matter of law (see 15 NYCRR 34.2 [v]). Moreover, plaintiffs production of two checks in the amount of $220 and $158, as proof of payment on the new insurance policy, established that defendant had properly submitted these payments to the insurance company on plaintiffs behalf. Accordingly, the judgment is reversed and the action is dismissed.
Tanenbaum, J.E, LaCava and Iannacci, JJ., concur.