Clark Remy, Respondent, 
against
Elegant HVAC, Inc., Appellant.



Appeal from a judgment of the Civil Court of the City of New York, Queens County (Sally E. Unger, J.), entered April 14, 2014. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $4,000.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for a new trial.
In this small claims action to recover a deposit that plaintiff had paid defendant toward his purchase of a restaurant exhaust hood, defendant failed to appear or answer and, after an inquest, plaintiff was awarded the principal sum of $4,000. Thereafter, by order to show cause, defendant moved to, among other things, vacate its default. When the parties appeared on the motion, the Civil Court granted it and informed the parties that they were proceeding to trial forthwith. Defense counsel requested an adjournment so that he could present the testimony of a witness and provide documentation. He stated that he had not been aware that there would be a trial that day, even though the court had indicated on the order to show cause that defendant should be prepared for trial in the event its motion were granted. The Civil Court instructed plaintiff to present his case, and plaintiff "testified," without being sworn. Defendant did not present a case. Following the nonjury trial, the court awarded plaintiff the principal sum of $4,000.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
A new trial is required since "all persons testifying in a civil action, even a small claims action, must be sworn" (Diederich v Del Prior, 18 Misc 3d 132[A], 2008 NY Slip Op 50084[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]; see also Tello v Dylag, 47 Misc 3d 141[A], 2015 NY Slip Op 50617[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; Platinum Ridge Hoa, Inc. v Rovenskiy, 24 Misc 3d 136[A], 2009 NY Slip Op 51501[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; Siegel, NY Prac § 388, at 678 [5th ed]; see generally Uniform Rules for NY City Civ Ct [22 NYCRR] § 208.41 [j]). As plaintiff's case was based on his unsworn testimony, substantial justice has not been done between the parties according to the rules and principles of substantive law (see CCA 1804, 1807; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]).
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for a new trial.
Elliot, J.P., Weston and Solomon, JJ., concur.
Decision Date: May 05, 2016