Adam Odell, Appellant,
against
Angelo Williams, Doing Business as AVALON TOWING, and ROBERT WHEELER, Respondents.



Appeal from a judgment of the City Court of New Rochelle, Westchester County (Anthony A. Carbone, J.), entered March 24, 2015. The judgment, insofar as appealed from as limited by the brief, after a nonjury trial, awarded defendants $48.75 on defendant Robert Wheeler's counterclaim.




ORDERED that the judgment, insofar as appealed from, is modified by vacating the award in favor of defendant Angelo Williams and by providing that, contemporaneously with plaintiff's payment of the judgment, defendant Robert Wheeler shall make available to plaintiff the tire in question; as so modified, the judgment, insofar as appealed from, is affirmed, without costs.
Plaintiff commenced this small claims action to recover the replacement cost of a tire. Defendant Robert Wheeler counterclaimed to recover unpaid boot and storage fees. It is undisputed that plaintiff had illegally parked his car in a parking lot in which defendants were licensed to boot an improperly parked car (see Code of the City of New Rochelle § 316-3.1), that defendants booted a tire on plaintiff's car, and that plaintiff removed the booted tired, replaced it with his spare tire, and drove away. It is also undisputed that defendants are in possession of plaintiff's (booted) tire. After a nonjury trial, the City Court dismissed plaintiff's claim and awarded both defendants $48.75, representing only the boot fee, on Wheeler's counterclaim. A judgment was entered, from which plaintiff appeals. However, on appeal, plaintiff argues only that defendants were not entitled to recover on the counterclaim.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UCCA 1807; see UCCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). Upon our review of the record, we find that the City Court's award to Wheeler on the counterclaim is supported by the record. However, defendant Angelo Williams is not entitled to recover upon Wheeler's counterclaim, and the judgment must be modified accordingly. In addition, under the circumstances, substantial justice (see UCCA 1804, 1807) requires that the judgment be modified by providing that Wheeler make the tire available to plaintiff contemporaneously with the payment of the judgment (see UCCA 1805 [a]).
Accordingly, the judgment, insofar as appealed from, is modified by vacating the award in favor of defendant Williams and by providing that, contemporaneously with plaintiff's [*2]payment of the judgment, defendant Wheeler shall make available to plaintiff the tire in question.
Tolbert, J.P., Iannacci and Brands, JJ., concur.
Decision Date: January 20, 2017