Dae Hyuk Kwon, Respondent,
against
Masterz Automotive Intl. Inc., Appellant.




D'Ambrosio & D'Ambrosio, P.C. (James J. D'Ambrosio, Esq.), for appellant.
Dae Hyuk Kwon, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, First District (James M. Darcy, J.), entered April 13, 2015. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $1,647.80.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the District Court for the entry of a judgment dismissing the action.
In this small claims action, plaintiff seeks to recover the principal sum of $5,000 based upon a claim that he had been charged a usurious interest rate by defendant in a retail installment contract he had signed for the purchase of an automobile. The District Court held that plaintiff was entitled to recover the principal sum of $1,647.80 pursuant to General Obligations Law § 5-513 because he had been charged a usurious interest rate of 24.99%. On appeal, defendant contends, among other things, that the annual interest rate of 24.99% charged in the retail installment agreement was not usurious.
Banking Law § 14-a provides that the "maximum rate of interest provided for in section 5-501 of the general obligations law shall be sixteen per centum per annum." However, "[u]sury laws apply only to loans or forbearances" and "[i]f the transaction is not a loan, there can be no usury, however unconscionable the contract may be" (Seidel v 18 E. 17th St. Owners, 79 NY2d 735, 744 [1992] [citations omitted]). The agreement in question was styled a "retail installment contract" for the purchase of a motor vehicle and, thus, it was not a loan. The transaction is governed by the Motor Vehicle Retail Installment Sales Act (see Personal Property Law § 301 et seq.), and the interest rate is whatever was agreed to by the parties (see Personal Property Law § 303 [1]). Consequently, the District Court's determination failed to provide the parties with substantial justice according to the rules and principles of substantive law (see UDCA 1804, 1807; Williams v Roper, 269 AD2d 125 [2000]; Ross v Friedman, 269 AD2d 584 [2000]), and the action should have been dismissed.
We note that, at trial, plaintiff claimed that he had been charged $3,000 in the retail installment contract for an NADN agreement for coverage of various components of the vehicle and that he had declined to accept that coverage and that he was not to be charged thereunder. [*2]However, the District Court did not address this claim, which was not mentioned in the small claims complaint form, and our determination is without prejudice to plaintiff asserting this claim in a separate action.
Accordingly, the judgment is reversed and the matter is remitted to the District Court for the entry of a judgment dismissing the action.
Tolbert, J.P., Garguilo and Brands, JJ., concur.
Decision Date: April 13, 2017