David Malaki Lambert, Appellant,
against
Christina Ledwith and Peter Ledwith, Respondents.




David Malaki Lambert, appellant pro se.
Christina Ledwith and Peter Ledwith, respondents pro se.

Appeal from a judgment of the District Court of Nassau County, Third District (Scott H. Siller, J.), entered January 7, 2014. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the District Court for a new trial before a different judge.
Plaintiff commenced this small claims action to recover the principal sum of $5,000 for personal items alleged to have been stolen or converted by defendants, and for wrongful eviction. Plaintiff alleged that he had been renting a room in defendants' home; that defendant Christina Ledwith had called the police, claiming that plaintiff was trespassing on the property; and that plaintiff had been excluded from the premises and not allowed back in. He further alleged that, after this wrongful eviction, defendants had sold two items that had been in his room to a guitar store and that defendants did not permit plaintiff access to retrieve the rest of his personal belongings. Additionally, plaintiff claimed that, at the time of the eviction, he had already paid rent for the entire month of June 2013 and that he had been wrongfully evicted before the month was over. Following a nonjury trial, the District Court dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial [*2]justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). 
The decision of a trial court must set forth "the facts it deems essential" (CPLR 4213 [b]; see also Kirschner v Viala, 38 Misc 3d 131[A], 2012 NY Slip Op 52413[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). Here, the record shows that the District Court failed to make any specific factual findings regarding the claims asserted by plaintiff, effectively precluded plaintiff from establishing his prima facie case, and, indeed, appears not to have considered any of plaintiff's substantial body of documentary evidence. Thus, it cannot be said that substantial justice has been done between the parties, as the record is inadequate to determine the merits of plaintiff's claims (see Ceresa v Segundo's Landscaping & Contr., 11 Misc 3d 132[A], 2006 NY Slip Op 50350[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2006]; see also Smith v Weinstein, 31 Misc 3d 149[A], 2011 NY Slip Op 50997[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Consequently, a new trial is required.
Accordingly, the judgment is reversed and the matter is remitted to the District Court for a new trial before a different judge.
Marano, P.J., and Iannacci, J., concur.
Garguilo, J., taking no part.
Decision Date: May 23, 2017