Josephine Anzaldi, Appellant,
against
Jerry Fink Real Estate, Inc., Respondent and Gerald Fink, Defendant.




Josephine Anzaldi, appellant pro se.
Jerry Fink Real Estate, Inc., respondent pro se (no brief filed).

Appeal, on the ground of inadequacy, from a judgment of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered June 2, 2016. The judgment, after a nonjury trial, awarded plaintiff the principal sum of only $1,190.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for a new trial.
Plaintiff commenced this small claims action to recover the balance of real estate commissions allegedly due on sales that closed on August 28, 2014 and September 19, 2014, respectively.[FN1]
At a nonjury trial, plaintiff testified, insofar as is relevant to this appeal, that Jerry Fink Real Estate, Inc. (defendant) had sent her a check in the sum of $1,980 for the August 28, 2014 closing, but that she was entitled to $2,310, and that defendant had sent her a check in the sum of $2,380 for the September 19, 2014 closing, but that she was entitled to $3,570. After the trial, the Civil Court awarded plaintiff the principal sum of $1,190 based on its finding that plaintiff was entitled to collect further commission for the August 28, 2014 closing, but not for the September 19, 2014 closing. Plaintiff appeals on the ground of inadequacy.

In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Since the court found that plaintiff was entitled to recover further commission on the first sale, but not the second, but awarded plaintiff judgment based upon the [*2]difference in the amount of the check defendant sent to plaintiff and the amount plaintiff alleges she is owed on the second sale, we find that the judgment failed to provide the parties with substantial justice according to the rules and principles of substantive law (see CCA 1804, 1807).

Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for a new trial.

PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: May 04, 2018



Footnotes

Footnote 1:While the action was commenced against defendant corporation and its principal, at trial, it was, in effect, dismissed against the principal.