Loyer & Loyer Appraisal Service, Inc., Respondent, 
against
Harry Tilis, Esq., Defendant, and Richard E. Young, Sr., Appellant.




Richard W. Young, Sr., appellant pro se.
Loyer & Loyer Appraisal Service, Inc., respondent pro se.

Appeal from a judgment of the District Court of Suffolk County, Second District (John Schettino, J.), entered June 14, 2017. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $850 as against defendant Richard E. Young, Sr.




ORDERED that the judgment is affirmed, without costs.
Insofar as is relevant to the appeal in this commercial claims action, plaintiff seeks to recover $850 from Richard E. Young, Sr. (defendant), a party to a divorce proceeding, for performing a court-ordered appraisal of real property. After a nonjury trial, the District Court awarded plaintiff the principal sum of $850.
In a commercial claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807-A [a]; see UDCA 1804-A; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Defendant argues that plaintiff is not entitled to recover for its services because plaintiff's principal used the date he visited the subject property as the valuation date for the appraisal, rather than the date of the commencement of the divorce proceeding. On this record, which is devoid of any indication that the Supreme Court set a valuation date for the property (see Domestic Relations Law § 236 [B] [4] [b]), defendant's argument lacks merit (see Taverna v Taverna, 56 AD3d 461 [2008]). As the court's determination is supported by the record, substantial justice has been done between the parties (see UDCA 1804-A, 1807-A [a]).
Accordingly, the judgment is affirmed. 
TOLBERT, J.P., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 28, 2019