Sunrise Home Improvement, Respondent,
against
Hank Ross and Ann Ross, Appellants. 




Gordon & Gordon, P.C. (Peter S. Gordon of counsel), for appellants.
Sunrise Home Improvement, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, Third District (Darlene D. Harris, J.), entered September 28, 2017. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $2,500.




ORDERED that the judgment is affirmed, without costs.
Plaintiff, a licensed home improvement contractor, commenced this commercial claims breach of contract action to recover the principal sum of $2,500. The commercial claims complaint form indicated that there was a balance due plaintiff in the amount of $5,000, and that plaintiff had reduced the amount owed to $2,500 because a floor had been damaged while work was being done in defendants' home. At a nonjury trial, at which defendants did not personally appear but were represented by counsel, plaintiff's owner testified that he had taken responsibility for the floor, and that transcripts of text messages which he had exchanged with defendants showed that plaintiff had reduced the $5,000 bill to $2,500 and that defendants had agreed to pay plaintiff $2,500 in cash. Defendants' attorney moved to exclude the text messages pursuant to CPLR 4547, but the texts messages were admitted into evidence. Following plaintiff's testimony, defendants' attorney moved to dismiss the claim on the ground that a written contract was not in evidence. The District Court did not expressly rule on the motion, but awarded judgment in favor of plaintiff in the principal sum of $2,500.
In a commercial claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807-A [a]; see UDCA 1804-A; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]).
As defendants were not present at the trial and did not offer any witnesses, they failed to rebut the testimony by plaintiff's owner that there was a $5,000 balance due plaintiff for the work [*2]which plaintiff had performed in defendants' home, and that plaintiff's owner had unilaterally reduced the amount due plaintiff to $2,500 in consideration of the damage to the floor. In view of the foregoing, we need not pass on whether the parties' text messages were improperly admitted into evidence (cf. UDCA 1804-A). As the record supports the District Court's determination, we find that the judgment provided the parties with substantial justice according to the rules and principles of substantive law (see UDCA 1804-A, 1807-A [a]).
Accordingly, the judgment is affirmed.
ADAMS, P.J., TOLBERT and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 15, 2019