Rose M. Thompson, Appellant,
against
Craftsman Custom Upholstery, Respondent. 




Rose M. Thompson, appellant pro se.
Craftsman Custom Upholstery, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Andrew Borrok, J.), entered March 7, 2017. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for the entry of a judgment in favor of plaintiff in the principal sum of $1,117.
Plaintiff commenced this small claims action to recover $5,000, alleging defective
workmanship on her chairs which defendant had reupholstered. At a nonjury trial, plaintiff testified that she had brought her chairs to defendant to be reupholstered, that she had paid defendant a total of $1,117 and that she had been unhappy with how they turned out. She subsequently had the chairs reupholstered by another upholsterer. Plaintiff submitted photographs of the chairs and stated that the cushions did not look as if they had been "professionally done." Defendant's owner, Garth Lennon, testified that he has been in the upholstery business for over 35 years and that he had reupholstered plaintiff's chairs in a workmanlike manner. Lennon testified that plaintiff saw the finished chairs prior to their delivery and her tendering payment. Lennon further testified that while plaintiff subsequently indicated to him that she was unhappy with the chairs that he had delivered, plaintiff never called [*2]him again. The Civil Court viewed the photographs of the chairs and dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
Upon a review of the record, we find that the court's dismissal of the action upon its implicit conclusion that the chairs had been reupholstered in a workmanlike manner was not supported by the record and thus failed to provide the parties with substantial justice according to the rules and principles of substantive law (see CCA 1804, 1807; Williams v Roper, 269 AD2d at 126). Under the circumstances, we are of the opinion that substantial justice requires that plaintiff be awarded the principal sum of $1,117, the amount that she had paid to defendant.
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for the entry of a judgment in favor of plaintiff in the principal sum of $1,117.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 08, 2019