Cristina Mujica, Appellant,
against
Yves Jerome-Human, Respondent. 




Cristina Mujica, appellant pro se.
Jalila A. Bell, Esq., for respondent.

Appeal, on the ground of inadequacy, from a judgment of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered January 17, 2018. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $2,500.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for a new trial.
Plaintiff commenced this small claims action to recover the principal sum of $5,000 as a result of defendant's alleged breach of a contract. After a nonjury trial, the Civil Court awarded plaintiff a judgment in the principal sum of $2,500, and plaintiff appeals on the ground of inadequacy.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2006]). 
A review of the record indicates that substantial justice was not done between the parties [*2](see CCA 1804, 1807). "Although the procedures in Small Claims Court are relaxed, the rules of substantive law must be followed and a person's constitutional right to due process of law includes the basic right to cross-examine witnesses" (Graves v American Express, 175 Misc 2d 285, 286 [App Term, 2d Dept, 2d & 11th Jud Dists 1997]). Here, the court did not allow plaintiff the opportunity to cross-examine defendant, as was her right pursuant to substantive law (see Fachlaev v Hopkins, 38 Misc 3d 131[A], 2012 NY Slip Op 52419[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; Moon v Khazraie, 11 Misc 3d 131[A], 2006 NY Slip Op 50348[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]; Rizopoulos v Cartelli, 4 Misc 3d 127[A], 2004 NY Slip Op 50619[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2004]).
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for a new trial.
PESCE, P.J., ELLIOT and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 6, 2019