Randy M. Wagman, Appellant,
against
Bay Ridge Hyundai, Ltd., Respondent. 




Randy M. Wagman, appellant pro se.
Sean Smith, Esq., for respondent (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Louis L. Nock, J.), entered July 27, 2018. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for the entry of a judgment in favor of plaintiff in the principal sum of $1,381.34.
In this small claims action, plaintiff seeks reimbursement from defendant, an auto dealership, for property damage, lease fees, and late charges. At a nonjury trial, plaintiff's husband testified that, as part of the agreement to have plaintiff lease two Hyundai vehicles from defendant, it was agreed that defendant would return plaintiff's two leased Nissan vehicles to Nissan Motor Acceptance (Nissan Motor) on plaintiff's behalf by November 20, 2016, the lease expiration date. Plaintiff's husband testified that one of the Nissan vehicles was not returned until January 13, 2017 and that it was returned with damage to the front bumper and fender. As a result, Nissan Motor charged plaintiff late fees, two additional monthly lease payments, and for damage to the vehicle. Plaintiff claimed that there was no damage to the vehicle's front bumper and fender when it had been surrendered to defendant, and that no damage was indicated on the vehicle turn-in checklist prepared by defendant's salesman when plaintiff surrendered the vehicle to defendant. Defendant's lease manager conceded that when plaintiff had called defendant because her vehicle had not been timely returned to Nissan Motor, she had been informed by [*2]defendant's employees that the vehicle had been lost. Following the trial, the Civil Court dismissed the action.
At the outset, we note that, in a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]).
On appeal, plaintiff contends that a bailment was created, whereby, as part of the agreement to lease two Hyundai vehicles from defendant, plaintiff, as bailor, relinquished possession of her two leased Nissan vehicles to defendant, as bailee, to return them to Nissan Motor on her behalf (see Chait v Town Hall, LLC, 32 Misc 3d 131[A], 2011 NY Slip Op 51326[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). We agree. Here, plaintiff delivered her Nissan vehicles to defendant's exclusive custody and control, a fact that was supported by defendant's own admission. Defendant failed to rebut the presumption of negligence which arose when the vehicle at issue was temporarily lost, and apparently damaged, while in defendant's possession (see Hoffman v M & C Getty, Inc., 29 Misc 3d 137[A], 2010 NY Slip Op 52024[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). In view of the foregoing, we find that the judgment in favor of defendant dismissing the action failed to render substantial justice. The record clearly establishes plaintiff's damages in the principal sum of $1,381.34.
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for the entry of a judgment in favor of plaintiff in the principal sum of $1,381.34.
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 7, 2020