Alma Patricia Najera Garcia, Respondent,
against
Betty Cater, Appellant. 




Betty Cater, appellant pro se.
Alma Patricia Najera Garcia, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, Second District (Robert E. Pipia, J.), entered August 10, 2018. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $750.




ORDERED that the judgment is reversed, without costs, and the action is dismissed.
In this small claims action, plaintiff seeks to recover the sum of $5,000, as the value of her damaged and/or lost possessions which defendant, her landlord, had allegedly taken from her apartment and placed outside. Following a nonjury trial, a judgment was entered in favor of plaintiff in the principal sum of $750, and defendant appeals.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Even in a small claims action, proof of damages is an essential element of a prima facie case (see Konstantin v Aerosvit Airlines, 39 Misc 3d 130[A], 2013 NY Slip Op 50462[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]), and the failure to prove damages here requires the dismissal of the action (see id.; Henig v Forever Diamond, 30 Misc 3d [*2]130[A], 2010 NY Slip Op 52319[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). Since plaintiff failed to provide any testimony or documentation regarding the condition, age and cost of any of her allegedly damaged and/or lost possessions, and did not provide any itemized bills, invoices, or estimates pursuant to UDCA 1804, we find that the District Court's determination that plaintiff was entitled to receive the principal sum of $750 cannot be sustained. Consequently, the judgment failed to provide the parties with substantial justice according to the rules and principles of substantive law (see UDCA 1804, 1807; Ross v Friedman, 269 AD2d 584; Williams v Roper, 269 AD2d at 126).
Accordingly, the judgment is reversed and the action is dismissed.
ADAMS, P.J., TOLBERT and GARGUILO, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 27, 2020