Tzotchev v Diliberto (2020 NY Slip Op 50947(U))

[*1]

Tzotchev v Diliberto

2020 NY Slip Op 50947(U) [68 Misc 3d 129(A)]

Decided on August 20, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 20, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2018-2564 S C

Kiril Tzotchev, Appellant,
against
Giuseppe Diliberto, Respondent. 

Kiril Tzotchev, appellant pro se.
Giuseppe Diliberto, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Suffolk County, Third District (Janine A.
Barbera-Dalli, J.), entered September 28, 2018. The judgment, after a nonjury trial, dismissed the
action.

ORDERED that judgment is reversed, without costs, and the matter is remitted to the District
Court for a new trial.
Plaintiff commenced this small claims action to recover $1,466 for breach of contract. At a
nonjury trial, the parties agreed that they had entered into an oral contract in 2017 pursuant to
which defendant was to pay plaintiff $2,200 in exchange for two custom sculptures. Plaintiff
testified that he had created and provided to defendant the two sculptures, but that defendant had
failed to pay for them in full. The District Court, without allowing the parties to cross-examine
each other, dismissed the action, finding that plaintiff had failed to establish his prima facie
case.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125, 126 [2000]).
Photographs of plaintiff's work product in various stages of completion, and documents
bearing directly on the key factual issues in the litigation were viewed by the court and referred to
[*2]at length by the parties but were not marked as exhibits or
introduced into evidence and thus were not included in the record on appeal. The absence of
those documents from the record precludes effective appellate review of the issues presented (see Azar v Ukraine Intl. Airlines, 62
Misc 3d 143[A], 2019 NY Slip Op 50107[U] [App Term, 1st Dept 2019]; Dyce v Singer, 40 Misc 3d 12
[App Term, 1st Dept 2013]; Filatov v
Inna Fershteyn & Assoc., P.C., 36 Misc 3d 132[A], 2012 NY Slip Op 51298[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).
Accordingly, substantial justice (see UDCA 1804, 1807) requires that the judgment
be reversed and the matter remitted to the District Court for a new trial.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 20, 2020