Eugene v Armato (2020 NY Slip Op 51022(U))

[*1]

Eugene v Armato

2020 NY Slip Op 51022(U) [68 Misc 3d 134(A)]

Decided on August 27, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 27, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : BRUCE E. TOLBERT, J.P., THOMAS A. ADAMS, JERRY GARGUILO, JJ

2019-1560 W C

Wedge Eugene, Appellant,
against
Joseph Armato, Sr., Doing Business as Global Realty Development,
and 40 North Street, LLC, Respondents. 

Wedge Eugene, appellant pro se.
Andrew M. Romano, Esq., for respondents (no brief filed).

Appeal, on the ground of inadequacy, from a judgment of the City Court of Mount Vernon,
Westchester County (Adam Seiden, J.), entered May 20, 2019. The judgment, after a nonjury
trial, awarded plaintiff the principal sum of $1,500 on her cause of action against defendant 40
North Street, LLC and implicitly dismissed plaintiff's cause of action against defendant Joseph
Armato, Sr., doing business as Global Realty Development.

ORDERED that the judgment is modified by increasing the award in favor of plaintiff on her
cause of action against defendant 40 North Street, LLC to the principal sum of $2,200; as so
modified, the judgment is affirmed, without costs.
In this small claims action, insofar as is relevant to this appeal, plaintiff seeks to recover
$2,200 from her former landlord, 40 North Street, LLC, representing the return of her security
deposit, and $2,200 from Joseph Armato, Sr., doing business as Global Realty Development, for
the refund of a broker's fee she had paid in connection with her 2017 lease with 40 North Street,
LLC. After a nonjury trial, the City Court determined that plaintiff was not entitled to a refund of
the broker's fee and that, with regard to the security deposit, "[m]ost of the damage claimed by
defendant as damage that plaintiff is responsible for, is really just normal rejuvenation of the unit
for the new tenant which defendant is responsible for." The court awarded plaintiff the principal
sum of $1,500 on her cause of action against defendant 40 North Street, LLC, without explaining
why plaintiff was not awarded the full amount of her security deposit, and implicitly dismissed
plaintiff's cause of action against defendant Joseph Armato, Sr., doing business as Global Realty
Development.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (UCCA 1807; see UCCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125 [2000]).
In determining that "most" of the damage claimed by 40 North Street, LLC in support of
[*2]its retention of plaintiff's security deposit was normal wear
and tear, the City Court did not identify any specific damage for which plaintiff would be liable.
Moreover, the record does not support the court's determination that 40 North Street, LLC was
entitled to retain $700 of plaintiff's security deposit, as there is no proof of the reasonable cost to
repair the alleged damage (see UCCA 1804). Thus, substantial justice (see UCCA
1804, 1807) requires that plaintiff's award on her cause of action against defendant 40 North
Street, LLC for the return of her security deposit be increased from $1,500 to $2,200.
There is no merit to the legal argument advanced by plaintiff to support her claim that she is
entitled to recover the broker's fee (see Voo Doo Contr. Corp. v L & J Plumbing &
Heating Co., 264 AD2d 361 [1999]; Krasnoff v J. Tuman Assoc., Inc., 63 Misc 3d 148[A], 2019 NY
Slip Op 50703[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Consequently, we
do not disturb the court's implicit dismissal of the cause of action against defendant Joseph
Armato, Sr., doing business as Global Realty Development.
Accordingly, the judgment is modified by increasing the award in favor of plaintiff on her
cause of action against defendant 40 North Street, LLC to the principal sum of $2,200. 
TOLBERT, J.P., ADAMS and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 27, 2020