Chopenko v Hwang (2020 NY Slip Op 51132(U))

[*1]

Chopenko v Hwang

2020 NY Slip Op 51132(U) [69 Misc 3d 128(A)]

Decided on October 2, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 2, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., BERNICE D. SIEGAL, WAVNY
TOUSSAINT, JJ

2018-1239 Q C

Margarita Chopenko, Appellant, 
against
Mike Hwang, Respondent. 

Margarita Chopenko, appellant pro se.
Mike Hwang, respondent pro se (no brief filed).

Appeal, on the ground of inadequacy, from a judgment of the Civil Court of the City of New
York, Queens County (John C.V. Katsanos, J.), entered February 27, 2018. The judgment, after
an inquest, awarded plaintiff the principal sum of $2,500.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the principal sum of $5,000 based on
defendant's failure to "legalize" the attic of plaintiff's house under a contract to perform certain
construction work at plaintiff's house. At an inquest, plaintiff testified that, as a result of
defendant's failure to "legalize" the attic, she hired another construction company to legalize the
attic and paid $5,000 for its work. Following the inquest, the Civil Court awarded plaintiff the
principal sum of $2,500. Plaintiff appeals on the ground of inadequacy, arguing that the court
should have awarded her the principal sum of $5,000.
In a small claims action, appellate review is limited to a determination of whether
"substantial justice has . . . been done between the parties according to the rules and principles of
substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584,
584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). Upon our review of the
record, we find that plaintiff has failed to demonstrate that "substantial justice" requires an
increase in the amount awarded (see CCA 1804, 1807).
Accordingly, the judgment is affirmed.
ALIOTTA, P.J., SIEGAL and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 2, 2020