Hidalgo v Samaras (2021 NY Slip Op 50231(U))

[*1]

Hidalgo v Samaras

2021 NY Slip Op 50231(U) [71 Misc 3d 127(A)]

Decided on March 18, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 18, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2019-1717 W C

Maria Teresa Garcia Hidalgo, Respondent, 
against
Jimmy Samaras, Appellant. 

Jimmy Samaras, appellant pro se.
Maria Teresa Garcia Hidalgo, respondent pro se (no brief filed).

Appeal from a judgment of the Justice Court of the Village of Sleepy Hollow, Westchester
County (Andres J. Valdespino, J.), entered July 8, 2019. The judgment, after a nonjury trial,
awarded plaintiff the principal sum of $1,500.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the sum of $3,000, alleging that
defendant had improperly withheld a rental security deposit. Following a nonjury trial, a
judgment was entered in favor of plaintiff in the principal sum of $1,500, and defendant appeals,
arguing, for the first time, that he was not the proper party to be sued for the return of the security
deposit.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125 [2000]). By failing to raise in a Justice Court the
defense that he was an improper party to be sued for the return of the security deposit, defendant
waived the issue (see Crowder v
LaGrande, 36 Misc 3d 140[A], 2012 NY Slip Op 51488[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2012]). In view of the foregoing, the judgment provided the parties with
substantial justice according to the rules and principles of substantive law (see UJCA
1804, 1807).
Accordingly, the judgment is affirmed.
RUDERMAN, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 18, 2021