Schonder v Kalikow Family Partnership (2022 NY Slip Op
51144(U))

[*1]

Schonder v Kalikow Family Partnership

2022 NY Slip Op 51144(U) [77 Misc 3d 128(A)]

Decided on November 3, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 3, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2021-733 N C

Raymond Vincent Schonder and
Lynette L. Schonder, Appellants, 
against
Kalikow Family Partnership and Kaled Management Corp.,
Respondents. 

Raymond Vincent Schonder and Lynette L. Schonder, appellants pro se.
Kalikow Family Partnership and Kaled Management Corp., respondents pro se (no brief
filed).

Appeal from a judgment of the District Court of Nassau County, Third District
(Karen L. Moroney, J.), entered October 18, 2021. The judgment, after a nonjury trial,
dismissed the action.

ORDERED that the judgment is affirmed, without costs.
Plaintiffs commenced this small claims action to recover $5,000 as the cost of
removing paint splatter from their belongings, which splatter was allegedly caused by a
painter hired by defendants to paint plaintiffs' apartment. After a nonjury trial, at which
the only proof of damages plaintiffs submitted was a single estimate to reupholster their
sofa and love seat, the District Court dismissed the action.
In a small claims action, our review is limited to a determination of whether
"substantial justice has . . . been done between the parties according to the rules and
principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v
Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126
[2000]).
Section 1804 of the Uniform District Court Act provides, in pertinent part, as
follows:
"An itemized bill or invoice, receipted or marked paid, or two itemized
estimates for services or repairs are admissible in evidence and are prima facie evidence
of the reasonable value and necessity of such services and
repairs."
A review of the record indicates that plaintiffs failed to
meet their burden of proof to establish their alleged damages, as plaintiffs failed to
submit such documents as required by UDCA 1804 or to present expert testimony
sufficient to establish the reasonable value and [*2]necessity of the repairs (see Rodriguez v Mitch's Transmission, 32 Misc 3d 126[A],
2011 NY Slip Op 51225[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; Monteforte v Jamisha Auto.
Corp., 23 Misc 3d 144[A], 2009 NY Slip Op 51096[U] [App Term, 2d Dept,
9th & 10th Jud Dists 2009]).
As plaintiffs failed to prove their damages by competent evidence, the court's
dismissal of the action rendered substantial justice between the parties (see
UDCA 1804, 1807).
We reach no other issue.
Accordingly, the judgment is affirmed.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 3,
2022