Parker v SJR & Assoc. (2023 NY Slip Op 50462(U))

[*1]

Parker v SJR & Assoc.

2023 NY Slip Op 50462(U)

Decided on May 11, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 11, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2021-730 N C

Michelle Lynn Parker, Appellant, 
against
SJR & Associates, Respondent. 

William D. Friedman, for appellant.
SJR & Associates, respondent pro se.

Appeal from a judgment of the District Court of Nassau County, First District (Karen L. Moroney, J.), entered October 14, 2021. The judgment, after a nonjury trial, dismissed the action. The appeal brings up for review an order of that court entered September 15, 2020 granting defendant's motion to vacate a default judgment.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover a security deposit from defendant, her former landlord. Plaintiff obtained a default judgment awarding her the principal sum of $1,615. Defendant successfully moved to vacate the default judgment under CPLR 5015 (a) (1). After a nonjury trial, the District Court dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
On appeal, plaintiff argues that the District Court should not have vacated the default judgment because defendant failed to demonstrate a reasonable excuse for its default (see CPLR 5015 [a] [1]). An appeal from a judgment brings up for review any prior order of the same court that necessarily affects the judgment (see CPLR 5501 [a] [1]). Upon a review of the record, we find that the District Court did not improvidently exercise its discretion in finding that defendant had a reasonable excuse for its default in appearing.
Moreover, plaintiff's remaining argument on appeal, that defendant's failure to comply with General Obligations Law § 7-108 (1-a) (e) forfeits its right to retain her security deposit, is without merit. General Obligations Law § 7-108 (1-a) (e) applies to non-rent-stabilized leases entered into on or after July 14, 2019 (see General Obligations Law § 7-108 [1]; Housing Stability and Tenant Protection Act of 2019, L 2019, ch 36, § 1, part M, § 29) and therefore does [*2]not apply to plaintiff's 2018 rent-stabilized lease. Thus, the judgment dismissing the action rendered substantial justice between the parties (see UDCA 1804, 1807).
We note that we do not consider contentions raised for the first time on appeal (see Joe v Upper Room Ministries, Inc., 88 AD3d 963, 964 [2011]).
Accordingly, the judgment is affirmed.
GARGUILO, P.J., McCORMACK and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 11, 2023