Sowell v Bank (2023 NY Slip Op 50585(U))

[*1]

Sowell v Bank

2023 NY Slip Op 50585(U)

Decided on May 26, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 26, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : LISA S. OTTLEY, J.P., MARINA CORA MUNDY, LOURDES M. VENTURA, JJ

2022-794 K C

Valeria Sowell, Appellant,
against
Santander Bank, Respondent. 

Valeria Sowell, appellant pro se.
Santander Bank, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Heela D. Capell, J.), entered June 21, 2022. The judgment, after a nonjury trial, dismissed the action.

ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $10,000 for damages she claims to have sustained after items, including the deeds and keys for two houses, were allegedly stolen from a safe deposit box she rented at defendant Santander Bank. At a nonjury trial, plaintiff testified that, in 2020, because the lock on her safe deposit box failed to operate, defendant had retained a locksmith to address the problem. After the locksmith opened the box, plaintiff took it into a private area, where she found that her deeds and keys were gone. Thereafter, plaintiff experienced a break-in at one house and the door to the other house was tampered with. Plaintiff testified that, to address her concerns about security, she had purchased new locks and keys, as well as security systems for both houses. Defendant's witness, who was the manager of the branch of defendant bank where plaintiff rented a safe deposit box, testified that there had been no evidence of tampering with plaintiff's safe deposit box. Following the trial, the action was dismissed.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269
AD2d 125 [2000]). Here, we conclude that the dismissal of the action rendered substantial justice between the parties (see CCA 1804, 1807).
Accordingly, the judgment is affirmed.
OTTLEY, J.P., MUNDY and VENTURA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 26, 2023