Levitan v Herman (2024 NY Slip Op 51198(U))

[*1]

Levitan v Herman

2024 NY Slip Op 51198(U) [83 Misc 3d 136(A)]

Decided on August 30, 2024

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 30, 2024
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S.
OTTLEY, JJ

2022-802 K C

Vladimir Levitan, Appellant,
against
Irina Herman, Respondent. 

Law Office of Matthew S. Porges (Matthew S. Porges of counsel), for appellant.
Irina Herman, respondent pro se.

Appeal from a decision of the Civil Court of the City of New York, Kings County
(Nicholas W. Moyne, J.), entered August 19, 2022, deemed from a judgment of that
court entered September 28, 2022 (see CPLR 5512 [a]). The judgment, insofar as
appealed from, after a nonjury trial, upon awarding plaintiff $5,700 on his cause of
action, awarded defendant $5,700 on her counterclaim.

ORDERED that the judgment, insofar as appealed from, is reversed, without costs,
and the matter is remitted to the Civil Court for the entry of an amended judgment
dismissing the counterclaim.
In this small claims action, plaintiff seeks to recover the principal sum of $5,700
based on a breach of contract. Defendant interposed a counterclaim seeking the principal
sum of $10,000.
At a nonjury trial, it was undisputed that plaintiff had worked as a licensed associate
real estate broker at defendant's real estate brokerage agency; that the parties had verbally
agreed that they would evenly divide all commissions that were paid upon sales that
plaintiff brokered; and that defendant owed plaintiff $5,700, which was 50% of the
commission on a sale plaintiff had brokered. However, defendant claimed that plaintiff
had failed to pay her half of the [*2]commissions on
certain other sales he had brokered, including the sale of an apartment for $760,000, for
which defendant claimed a $5,700 commission. Plaintiff testified that the brokerage
agreement for that property had expired and that the seller had thereafter sold the
property himself without paying any brokerage commission. Defendant failed to provide
any evidence to refute plaintiff's assertions. Following the trial, in a decision entered
August 19, 2022, the Civil Court (Nicholas W. Moyne, J.) awarded plaintiff the principal
sum of $5,700 on his cause of action and awarded defendant $5,700 on her counterclaim,
for a net judgment of $0. Plaintiff's appeal from the decision is deemed to be from so
much of a judgment entered September 28, 2022 as awarded defendant $5,700 on her
counterclaim (see CPLR 5512 [a]).
In a small claims action, our review is limited to a determination of whether
"substantial justice has . . . been done between the parties according to the rules and
principles of substantive law" (CCA 1807; see CCA 1804; Ross v
Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
Here, defendant failed to substantiate her claim that plaintiff had been paid any
commission on the $760,000 apartment sale, and thus failed to prove her entitlement to
any recovery on her counterclaim. We therefore conclude that, insofar as the judgment
awarded defendant the principal sum of $5,700 on her counterclaim, it failed to render
substantial justice between the parties according to the rules and principles of substantive
law (see CCA 1804, 1807). While the counterclaim must be dismissed, we leave
undisturbed so much of the judgment as awarded plaintiff the principal sum of $5,700,
from which no appeal has been taken.
Accordingly, the judgment, insofar as appealed from, is reversed, and the matter is
remitted to the Civil Court for the entry of an amended judgment dismissing the
counterclaim.
TOUSSAINT, P.J., MUNDY and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 30, 2024