Green v Bryant (2025 NY Slip Op 50183(U))

[*1]

Green v Bryant

2025 NY Slip Op 50183(U)

Decided on February 6, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 6, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JERRY GARGUILO, JOSEPH R. CONWAY, JJ

2024-188 N C

Vilma Green and Khadijah Okoh, Respondents,
against
Kira Bryant, Appellant. 

Kira Bryant, appellant pro se.
Vilma Green and Khadijah Okoh, respondents pro se.

Appeal from a judgment of the District Court of Nassau County, First District (Jaclene A. Agazarian, J.), entered January 25, 2024. The judgment, after a nonjury trial, awarded plaintiffs the principal sum of $3,846.76.

ORDERED that the judgment is affirmed, without costs.
Plaintiffs commenced this small claims action to recover from defendant, plaintiffs' next-door neighbor, the principal sum of $4,146 for water damage to plaintiffs' premises after a rainstorm on April 30, 2023. At a nonjury trial, plaintiffs alleged that a structure on defendant's property that had been recently built caused surface water to be diverted from defendant's adjacent property to plaintiffs' premises, resulting in a flood in plaintiffs' basement. Plaintiff Khadijah Okoh testified that the basement had never flooded before the structure was built. She also indicated that she called defendant after the flood, and that defendant agreed to pay for the damage. Defendant confirmed that she received a phone call from Ms. Okoh informing her of the damage, and that defendant agreed to pay for damage for which she was "deemed responsible." Following the trial, the District Court (Jaclene A. Agazarian, J.) awarded plaintiffs the principal sum of $3,846.76. On appeal, defendant's sole contention is that plaintiffs failed to establish her liability. 
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). 
We find that the judgment rendered substantial justice between the parties in accordance with the rules and principles of substantive law (see UDCA 1804, 1807), as there was sufficient evidence in the record establishing defendant's liability (see generally Cesario v Gold Coast Homes, Inc., 14 Misc 3d 137[A], 2007 NY Slip Op 50252[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]).
Accordingly, the judgment is affirmed.
DRISCOLL, J.P., GARGUILO and CONWAY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 6, 2025