Jones v Boss Auto Sales, Inc. (2025 NY Slip Op 50625(U))

[*1]

Jones v Boss Auto Sales, Inc.

2025 NY Slip Op 50625(U)

Decided on April 10, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 10, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELENA GOLDBERG-VELAZQUEZ, JOSEPH R. CONWAY, JJ

2023-634 S C

Charles Jones, Appellant,
against
Boss Auto Sales, Inc. and Nick Yetim, Respondents. 

Charles Jones, appellant pro se.
Brill Legal Group, P.C., for respondent (no brief filed).

Appeal from a judgment of the District Court of Suffolk County, First District (Cheryl M. Helfer, J.), entered June 2, 2023. The judgment, after a nonjury trial, dismissed the action.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the sum of $5,000, alleging that defendants had "sold [him] a defective automobile" and then "refused to make repairs." After a nonjury trial, the District Court (Cheryl M. Helfer, J.) found that plaintiff had failed to present evidence establishing that the engine in the car was defective or that defendant breached the warranty by failing to repair or replace it. The court stated that plaintiff had failed to prove a prima facie case and dismissed the action.
In a small claims action, this court's review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Plaintiff sought to establish his prima facie case through the admission of documents which plaintiff contended demonstrated that the engine needed to be repaired. However, a "document, which was admitted into evidence without any foundation offered for its admission pursuant to an exception to the hearsay rule, [i]s not legally competent to establish the facts asserted therein" (Mark v Dutchess Jeep Chrysler Dodge, 79 Misc 3d 128[A], 2023 NY Slip Op 50684[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists [*2]2023] [internal quotation marks omitted]; see Hickey v T & E Serv. Sta., 12 Misc 3d 133[A], 2006 NY Slip Op 51183[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2006]). Moreover, plaintiff failed to proffer two itemized estimates to establish prima facie, "the reasonable value and necessity of such . . . repairs" (UDCA 1804).
Upon a review of the record, we find that the judgment provided the parties with substantial justice (see UDCA 1804, 1807). 
Accordingly, the judgment is affirmed.
GARGUILO, P.J., GOLDBERG-VELAZQUEZ and CONWAY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 10, 2025