Edou v W.P.T., LLC (2025 NY Slip Op 51167(U))

[*1]

Edou v W.P.T., LLC

2025 NY Slip Op 51167(U)

Decided on July 11, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 11, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MARINA CORA MUNDY, J.P., WAVNY TOUSSAINT, JOANNE D. QUIÑONES, JJ

2024-799 Q C

Sooroojnee Edou, Respondent,
against
W.P.T., LLC, Appellant. 

W.P.T., LLC, appellant pro se.
Sooroojnee Edou, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Ira R. Greenberg, J.), entered July 8, 2024. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $5,500.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for a new trial.
Plaintiff, a commercial tenant, commenced this small claims action against defendant, her former landlord, to recover her $10,000 security deposit under a five-year commercial lease. Following a nonjury trial, the Civil Court (Ira R. Greenberg, J.) found that the amount of plaintiff's security deposit was $7,500 and that defendant incurred $2,000 in costs that could be deducted from the security deposit. Consequently, the court awarded plaintiff a judgment in the principal sum of $5,500. Defendant appeals, arguing that it had incurred $16,245.30 in costs that are deductible from the security deposit and, thus, the judgment should be reduced to $0.
In a small claims action, this court's review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
Documents bearing directly on the key factual issues in the litigation were viewed by the court and referred to by the parties but were not marked as exhibits or introduced into evidence and thus were not included in the record on appeal. The absence of those documents from the record precludes informed appellate review of the issues presented (see Tzotchev v Diliberto, 68 Misc 3d 129[A], 2020 NY Slip Op 50947[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; Tropea v Bestway Contr., 66 Misc 3d 144[A], 2020 NY Slip Op 50181[U] [App Term, 2d Dept, [*2]2d, 11th & 13th Jud Dists 2020]; Azar v Ukraine Intl. Airlines, 62 Misc 3d 143[A], 2019 NY Slip Op 50107[U] [App Term, 1st Dept 2019]). Consequently, it cannot be determined whether substantial justice has been done between the parties according to the rules and principles of substantive law (see CCA 1804, 1807).
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for a new trial.
MUNDY, J.P., TOUSSAINT and QUIÑONES, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 11, 2025