Carter v Pitt (2020 NY Slip Op 51303(U))

[*1]

Carter v Pitt

2020 NY Slip Op 51303(U) [69 Misc 3d 137(A)]

Decided on October 30, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 30, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., BERNICE D. SIEGAL, WAVNY
TOUSSAINT, JJ

2019-944 Q C

Dwayne Carter, Respondent, 
against
Shatanyaer Pitt, Appellant. 

Shatanyaer Pitt, appellant pro se.
Dwayne Carter, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County (John
C.V. Katsanos, J.), entered June 13, 2018. The judgment, after a nonjury trial, awarded plaintiff
the principal sum of $4,800.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the
Civil Court for the entry of a judgment dismissing the action.
Plaintiff commenced this small claims action against his deceased mother's former tenant
after defendant settled a holdover proceeding and moved out. Plaintiff sought to recover the sum
of $4,800, representing use and occupancy for the period March 2017 through August 2017.
After a nonjury trial, the court awarded plaintiff the principal sum of $4,800, representing
monthly use and occupancy of $800 for that period.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125 [2000]). 
Defendant argues that plaintiff does not have standing to sue for use and occupancy for the
period March 2017 to August 2017 because the property defendant rented from plaintiff's mother
has, at all relevant times, been owned by a trust. Indeed, the record demonstrates that the
holdover proceeding was commenced by Izetta Brown, Trustee of the Faustine B. Carter
Irrevocable Living Trust. Furthermore, a deed submitted by defendant on appeal, of which this
court may take judicial notice (see Chateau Rive Corp. v Enclave Dev. Assoc., 22 AD3d
445, 447 [2005]), demonstrates that the Faustine B. Carter Irrevocable Living Trust took title to
the property in 2011. Since defendant has made a prima facie showing that plaintiff does not
have standing to bring this action, and plaintiff did not submit any evidence to show that he does
have standing, the judgment failed to provide the parties with substantial justice according to the
rules and principles of substantive law (see CCA 1804, 1807; Ross v Friedman,
269 AD2d 584; Williams v Roper, 269 AD2d at 126).
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for the
entry of a judgment dismissing the action.
ALIOTTA, P.J., SIEGAL and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 30, 2020