Sommers v Gutierrez (2021 NY Slip Op 50236(U))

[*1]

Sommers v Gutierrez

2021 NY Slip Op 50236(U) [71 Misc 3d 128(A)]

Decided on March 18, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 18, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., ELIZABETH H. EMERSON, HELEN
VOUTSINAS, JJ

2020-225 D C

Jeffrey Sommers, Appellant, 
against
Jean Gutierrez, Respondent. 

Jeffrey Sommers, appellant pro se.
Jean Gutierrez, respondent pro se (no brief filed).

Appeal from a judgment of the Justice Court of the Town of Beekman, Dutchess County
(John C. Garito, J.), entered September 10, 2019. The judgment, after a nonjury trial, dismissed
the action.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action seeking to recover $1,311 for damages
sustained when a shopping cart defendant was removing groceries from tipped over and allegedly
hit plaintiff's vehicle. After a nonjury trial, at which plaintiff submitted only one estimate for the
repair of his vehicle, the Justice Court dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125, 126 [2000]).
Section 1804 of the Uniform Justice Court Act provides in pertinent part as follows:
"An itemized bill or invoice, receipted or marked paid, or two itemized estimates
for services or repairs are admissible in evidence and are prima facie evidence of the reasonable
value and necessity of such services and repairs."
A review of the record
indicates that plaintiff failed to meet his burden of proof to establish his alleged damages, as
plaintiff failed to submit a paid bill or two estimates for the repair of his vehicle (see
UJCA 1804) or to present expert testimony sufficient to establish the reasonable value and
necessity of the repairs (see Rodriguez v
Mitch's Transmission, 32 Misc 3d 126[A], 2011 NY Slip Op 51225[U] [App Term, 2d
Dept, 9th & 10th Jud Dists 2011]; [*2]Monteforte v Jamisha Auto. Corp.,
23 Misc 3d 144[A], 2009 NY Slip Op 51096[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2009]). In view of the foregoing, we need not reach the issue of liability.
As the court's dismissal of the action rendered substantial justice (see UJCA 1804,
1807), we find no basis to disturb the judgment. Accordingly, the judgment is affirmed.
GARGUILO, J.P., EMERSON and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 18, 2021