Baum v Village Green Homeowners Assn. (2021 NY Slip Op 50479(U))

[*1]

Baum v Village Green Homeowners Assn.

2021 NY Slip Op 50479(U) [71 Misc 3d 139(A)]

Decided on May 20, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 20, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, HELEN
VOUTSINAS, JJ

2019-1727 W C

Michael Baum, Appellant,
against
Village Green Homeowners Association, Respondent.

Michael Baum, appellant pro se.
Geist, Schwartz & Jellinek, PLLC (Russ F. Jellinek of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Village of Port Chester, Westchester
County (Matthew J. Troy, III, J.), entered August 22, 2019. The judgment, after a nonjury trial,
dismissed the action.

ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $878 from
defendant Village Green Homeowners Association, claiming that defendant is obligated to pay
for a portion of the cost of repairs that plaintiff had his contractor perform to the wood siding of
his house. 
At a nonjury trial, it was established that, following a February 2018 membership meeting,
defendant's bylaws had been amended to make defendant responsible for the maintenance of the
wood siding on houses under its governance and to permit defendant to make assessments in
connection with such maintenance. Defendant then negotiated a contract, pursuant to which
American Home, Inc. (American) would perform repairs to the siding of each of the 28 houses
under defendant's governance at a discounted price. Plaintiff was provided with a proposal
pursuant to which "the contractor" would perform work on plaintiff's house for a price of $3,510,
in consideration for which plaintiff would pay $2,632.50 (75% of that price) to defendant. The
remainder of the contract price was to be paid to American by defendant. However, shortly after
American began work on other houses under defendant's governance, plaintiff became aware that
American was not fully insured; plaintiff also expressed concerns about the quality of American's
work. Plaintiff hired his own contractor to work on his house, paid his contractor's bill, and
demanded that defendant reimburse him $878, which was approximately the amount of
American's proposed bill that defendant would have paid American on plaintiff's behalf.
Following the trial, the Justice Court dismissed the action. 
In a small claims action, our review is limited to a determination of whether "substantial
[*2]justice has . . . been done between the parties according to the
rules and principles of substantive law" (UJCA 1807; see UJCA 1804; Ross v
Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Since,
in this matter, defendant had obligated itself to pay a portion of bills for repairs performed only
by American, and plaintiff failed to establish that defendant had an obligation to reimburse any
portion of the sum plaintiff had paid to a different contractor, we find that the dismissal of his
claim rendered substantial justice between the parties (see UJCA 1804, 1807).
Accordingly, the judgment is affirmed.
EMERSON, J.P., GARGUILO and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 20, 2021