Allstate Irrigation, Inc. v Jennings (2022 NY Slip Op 51145(U))

[*1]

Allstate Irrigation, Inc. v Jennings

2022 NY Slip Op 51145(U) [77 Misc 3d 128(A)]

Decided on November 3, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 3, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2022-15 W C

Allstate Irrigation, Inc., Appellant,
against
John Jennings, Respondent. 

Brian Hansbury, for appellant.
John Jennings, respondent pro se (no brief filed).

Appeal from a judgment of the City Court of White Plains, Westchester County
(Lynette V. Spaulding, J.), entered December 16, 2021. The judgment, after a nonjury
trial, dismissed the action.

ORDERED that the judgment is affirmed, without costs.
Plaintiff, a subcontractor, commenced this commercial claims action to recover
damages in the principal sum of $5,000 for breach of contract. At trial, plaintiff's owner
testified that his company installed a Hunter sprinkler system at a cost of $5,000 at the
premisses owned by defendant and that no payment was made for the work performed
and materials provided. Plaintiff's invoice for the services in the sum of $5,000, a
demand letter from plaintiff's attorney and an email indicating that a balance of $5,000
remained due and owning were admitted into evidence. Defendant testified that he did
not contract with plaintiff for the installation of the sprinkler system but another joint
owner of the premises had hired contractors to renovate the property. The court found in
favor of defendant and dismissed the action.
In a commercial claims action, this court's review is limited to a determination of
whether "substantial justice has . . . been done between the parties according to the rules
and principles of substantive law" (UCCA 1807-A [a]; see UCCA 1804-A;
Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d
125, 126 [2000]).
"[A] subcontractor is in privity with the general contractor on a construction project
and is not in privity with the owner, even if the owner benefitted from the subcontractor's
work" (Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp., 64
AD3d 85, 104 [2009]). Here, liability for breach of contract will not lie since plaintiff is
not in privity with defendant [*2](id.). In finding
in favor of defendant in this commercial claims action, the court rendered substantial
justice between the parties (see UCCA 1804-A, 1807-A [a]).
Accordingly, the judgment is affirmed.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 3,
2022