Essix v Best In Class Autocare, LLC (2024 NY Slip Op 50198(U))

[*1]

Essix v Best In Class Autocare, LLC

2024 NY Slip Op 50198(U)

Decided on February 8, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 8, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2023-463 N C

Felicia A. Essix, Respondent,
against
Best In Class Autocare, LLC, Appellant. 

Best In Class Autocare, LLC, appellant pro se.
Felicia A. Essix, respondent pro se.

Appeal from a judgment of the District Court of Nassau County, First District (Norman A. Sammut, J.), entered March 30, 2023. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $2,166.89.

ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks a refund of the money she had paid defendant, an automobile repair shop, for parts and labor. At a nonjury trial, plaintiff testified that defendant installed a used transfer case in her car and that the car stalled upon leaving defendant's shop. Plaintiff further testified that defendant's owner, Mr. Maitland, initially offered to install a different transfer case but when she requested a specific date as to when that work would be done, he retracted the offer and told her to go "somewhere else." Mr. Maitland presented an invoice signed by plaintiff that stated that the transfer case came with a three-month warranty. Following the trial, the District Court awarded plaintiff a judgment in the principal sum of $2,166.89, the contract price.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their [*2]credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Here, the District Court credited plaintiff's version of the events, specifically that defendant declined to repair or replace the defective transfer case, notwithstanding the warranty. Under the circumstances, we find no basis to disturb the court's credibility determination. Consequently, substantial justice was done between the parties (see UDCA 1804, 1807).
Accordingly, the judgment is affirmed.
GARGUILO, P.J., McCORMACK and WALSH, JJ., concur. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 8, 2024