Wright v Maddy Home Furniture & More (2025 NY Slip Op 50480(U))

[*1]

Wright v Maddy Home Furniture & More

2025 NY Slip Op 50480(U)

Decided on March 20, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 20, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, JOSEPH R. CONWAY, JJ

2024-118 W C

Karl Wright and Sophia Burton, Respondents,
against
Maddy Home Furniture & More, Appellant. 

Maddy Home Furniture & More, appellant pro se.
Karl Wright and Sophia Burton, respondents pro se (no brief filed).

Appeal from a judgment of the City Court of Mount Vernon, Westchester County (Lyndon D. Williams, J.), entered January 10, 2024. The judgment, entered upon an order of the same court dated January 10, 2024 disposing, after a hearing, of defendant's motion to vacate a September 8, 2023 default judgment in favor of plaintiffs in the principal sum of $4,290 by reducing the award, awarded plaintiffs the principal sum of $2,500.

ORDERED that the judgment is reversed, without costs, the order dated January 10, 2024 is vacated, defendant's motion to vacate the September 8, 2023 default judgment is granted, and the matter is remitted to the City Court for all further proceedings. Plaintiffs commenced this small claims action to recover the principal sum of $4,290 for damage to a recliner sofa, which was one of two pieces of furniture that they had purchased from defendant, which damage they allege existed when it was delivered to them. Defendant failed to appear or answer and, on September 8, 2023, an inquest was held after which plaintiffs were awarded the principal sum of $4,290, the total purchase price of both pieces of furniture. A judgment in the total sum of $4,386 was entered in favor of plaintiffs on the same date.
By order to show cause dated September 27, 2023, defendant moved to vacate the default judgment, arguing that it had a reasonable excuse for its default due to a medical issue with its owner, Mr. Nofal, and that it had a good defense because "all merchandise was received in good condition by the customer." On January 10, 2024, the City Court (Lyndon D. Williams, J.) held a hearing on the motion, after which it found that, while defendant demonstrated a reasonable [*2]excuse for the default, it did not establish a meritorious defense. Nevertheless, the court reduced the monetary award in favor of plaintiffs to the principal sum of $2,500, stating, among other things, that "based on the fact that . . . the furniture . . . was still in the possession of the Plaintiff [sic] . . . the Court will award a judgment of $2,500 for Plaintiff [sic]." A new judgment was entered accordingly on January 10, 2024. The instant appeal by defendant ensued.
In a small claims action, our review is limited to whether substantial justice has been done between the parties in accordance with the rules and principles of substantive law (see UCCA 1807, 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). It is well settled that a party seeking to vacate a default judgment pursuant to CPLR 5015 (a) (1) must demonstrate a reasonable excuse for the default and the existence of a potentially meritorious defense (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). 
Upon a review of the record, we find that defendant's motion to vacate the September 8, 2023 default judgment should have been granted, as defendant's motion established a meritorious defense to the $4,290 lawsuit and judgment, in addition to demonstrating a reasonable excuse for the default. Among other things, while the City Court asserted in its decision that defendant had failed to establish a meritorious defense, it also acknowledged that the $4,290 judgment was excessive since the plaintiffs were keeping both pieces of furniture and yet they sued for, and pursuant to the default judgment received, a full refund of the total purchase price therefor. Consequently, substantial justice has not been done between the parties in accordance with the rules and principles of substantive law (see CCA 1804, 1807).
Accordingly, the judgment is reversed, the order dated January 10, 2024 is vacated, defendant's motion to vacate the September 8, 2023 default judgment is granted and the matter is remitted to the City Court for all further proceedings.
GARGUILO, P.J., DRISCOLL and CONWAY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 20, 2025