Pokorny v Richards (2025 NY Slip Op 50483(U))

[*1]

Pokorny v Richards

2025 NY Slip Op 50483(U)

Decided on March 20, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 20, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, JOSEPH R. CONWAY, JJ

2024-302 N C

Anastasia K. Pokorny, Respondent,
against
Alvia Richards, Appellant. 

Alvia Richards, appellant pro se.
Anastasia K. Pokorny, respondent pro se.

Appeal from a judgment of the District Court of Nassau County, Second District (Jaclene A. Agazarian, J.), entered February 29, 2024. The judgment, insofar as appealed from as limited by the brief, after a nonjury trial, awarded plaintiff the principal sum of $2,100.

ORDERED that the judgment, insofar as appealed from, is affirmed, without costs.
Plaintiff commenced this small claims action to recover the principal sum of $2,800 for damage to her curb, which was located between plaintiff's and defendant's driveways. Defendant counterclaimed to recover the principal sum of $4,500 for damage to her driveway. Defendant appeals from so much of a judgment of the District Court (Jaclene A. Agazarian, J.) as, after a nonjury trial, awarded plaintiff the principal sum of $2,100.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584, 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). Moreover, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
The record supports the District Court's implicit determination that the damaged curb was [*2]located on plaintiff's property, as indicated on plaintiff's survey which was admitted into evidence, and that defendant had instructed her workmen to remove that curb. Consequently, we find no basis to disturb the District Court's judgment in favor of plaintiff, as it provided the parties with substantial justice according to the rules and principles of substantive law (see UDCA 1804, 1807).
Accordingly, the judgment, insofar as appealed from, is affirmed.
GARGUILO, P.J., DRISCOLL and CONWAY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 20, 2025