McNeil v Tikal Auto Repair (2025 NY Slip Op 50627(U))

[*1]

McNeil v Tikal Auto Repair

2025 NY Slip Op 50627(U)

Decided on April 10, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 10, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELENA GOLDBERG-VELAZQUEZ, JOSEPH R. CONWAY, JJ

2024-304 N C

Alfonzo McNeil, Appellant,
against
Tikal Auto Repair, Respondent. 

Alfonzo McNeil, appellant pro se.
Tikal Auto Repair, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, Second District (Veronica Renta Irwin, J.), entered March 25, 2024. The judgment, after a nonjury trial, dismissed the action.

ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $5,000, alleging that he paid defendant to replace a catalytic converter on plaintiff's car, a 2011 Hyundai Sonata, but that it was not replaced.
At a nonjury trial, plaintiff testified that, after defendant allegedly changed the catalytic converter and his car started, he brought it to a Hyundai dealer for additional work. At Hyundai, he was informed that the catalytic converter had never been changed. Plaintiff submitted photographs of the underside of his car, showing the old catalytic converter that the Hyundai employee said had never been changed. Defendant's owners testified that plaintiff's Hyundai contained two catalytic converters, a front and a back, and they were directed by plaintiff to replace only the one that would get the car started because he could not afford to replace both. They further testified that, after they replaced the front catalytic converter, the car started and passed inspection. The owners showed the court photographs of the underside of plaintiff's vehicle, where the two catalytic converters were located, and indicated which one had been replaced. Following the trial, the District Court (Veronica Renta Irwin, J.) entered a judgment [*2]dismissing the action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Upon a review of the record, we find that the judgment dismissing the action provided the parties with substantial justice according to the rules and principles of substantive law (see UDCA 1804, 1807; Ross v Friedman, 269 AD2d 584; Williams v Roper, 269 AD2d at 126).
Accordingly, the judgment is affirmed.
GARGUILO, P.J., GOLDBERG-VELAZQUEZ and CONWAY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 10, 2025