Zerbi v Perfect Body Image, LLC (2020 NY Slip Op 51021(U))

[*1]

Zerbi v Perfect Body Image, LLC

2020 NY Slip Op 51021(U) [68 Misc 3d 134(A)]

Decided on August 27, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 27, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2019-1348 S C

Plinio Zerbi, Appellant,
against
Perfect Body Image, LLC, Respondent. 

Plinio Zerbi, appellant pro se.
Doreen J. Shindel & Associates, P.C. (Doreen J. Shindel of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, Third District (C. Stephen
Hackeling, J.), dated May 23, 2019. The order granted defendant's motion to dismiss the
action.

ORDERED that the order is affirmed, without costs.
In March 2017, plaintiff purchased a package of laser hair restoration treatments from
defendant for $4,800. Plaintiff paid for the treatments using a credit card provided by First
Electronic Bank. In February 2019, plaintiff commenced this small claims action to recover the
sum of $5,000, for "dissatisf[action] with results" and usury. Defendant moved to dismiss the
action, asserting, among other things, that defendant, a provider of appearance enhancement
services, is not affiliated in any way with First Electronic Bank, that First Electronic Bank is an
independent consumer financing company, and that defendant had made no guarantees with
respect to the results of its hair restoration treatments. As to the latter assertion, defendant
attached to its motion papers several exhibits, including defendant's Credit Card Financing and
Refund Policy, which plaintiff signed, which states, "I understand that results are subjective in
nature and are reliant on client's (at home) participation," "I understand there are no guarantees of
results," and "No guarantees of results or efficacy [have] been made to me." Plaintiff also signed
defendant's consent form, which states, "The clinical result, as well as the optimal number of
treatments, varies from one individual to another," "Some individuals may not respond to laser
treatment," and "There is no guarantee of efficacy; no guarantee of efficacy has been made to
me." The District Court granted defendant's motion to dismiss.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125, 126 [2006]). As the record supports the District
Court's determination, dismissal of the small claims action provided the parties with substantial
justice according to the rules and principles of substantive law (see UDCA 1804,
1807).
Accordingly, the order is affirmed.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 27, 2020