Chiarella v Board of Mgrs. of Fox Hill Condominium

2026 NY Slip Op 50707(U)

April 30, 2026

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Courts—Small Claims--Substantial Justice

Rosemaria Chiarella, Appellant, The

v

Board of Managers of Fox Hill Condominium, Respondent.

Supreme Court, Appellate Term, Second Department, 9th And 10th Judicial Districts

Decided on April 30, 2026

2024-1224 D C

Present: : Gretchen Walsh, J.P., Joseph R. Conway, Maria S. Vazquez-Doles, JJ

Rosemaria Chiarella, appellant pro se.
Boyd Richards Parker Colonnelli, P.L. (Christian M. Radoi of counsel), for respondent.

Appeal from an order of the City Court of Poughkeepsie, Dutchess County (Scott L. Volkman, J.), entered October 28, 2024. The order granted defendant's motion to dismiss the action.

[*1]

ORDERED that the order is affirmed, without costs.

Plaintiff commenced this small claims action to recover $5,000 in attorney's fees she allegedly incurred in connection with a prior small claims action that she brought against defendant. Defendant moved to dismiss the action, asserting, among other things, that there was no agreement, statute, or court rule authorizing plaintiff to collect attorney's fees from defendant. Plaintiff opposed. By order entered October 28, 2024, the City Court (Scott L. Volkman, J.) granted defendant's motion.

In a small claims action, this court's review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UCCA 1807; see UCCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). "New York follows the general rule that 'attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is [*2]authorized by agreement between the parties, statute or court rule' " (Matter of Part 60 Put-Back Litig., 36 NY3d 342, 361 [2020], quoting Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]; see Sammy Props., Inc. v Al Saleh Assoc., LLC, 225 AD3d 815, 817-818 [2024]).

Here, the record supports the City Court's conclusion that there is no agreement, statute, or court rule authorizing plaintiff to collect attorney's fees from defendant. Thus, dismissal of the action provided the parties with substantial justice according to the rules and principles of substantive law (see UCCA 1804, 1807; Zerbi v Perfect Body Image, LLC, 68 Misc 3d 134[A], 2020 NY Slip Op 51021[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]).

Plaintiff's remaining contentions either lack merit or are not reviewable upon this appeal.

Accordingly, the order is affirmed.

WALSH, J.P., CONWAY and VAZQUEZ-DOLES, JJ., concur.

ENTER:

Jennifer Chan

Chief Clerk

Decision Date: April 30, 2026